IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WANDA HOLLIS WILLIAMS,

    Plaintiff

vs.

THE WATER WORKS AND SEWER
BOARD OF THE CITY OF
BIRMINGHAM,

    Defendant

CIVIL ACTION NO.

97-AR-1494-S

**MEMORANDUM OPINION**

At the court's regular motion docket on July 18, 1997, the court heard oral argument in support of and in opposition to the motion to dismiss filed by The Water Works and Sewer Board of the City of Birmingham (erroneously named by plaintiff as "Birmingham Water Works Board"). The said motion is due to be granted in part and denied in part. For the reasons set forth in defendant's motion and its exhibits, especially the statute of limitations defenses which appear on the face of the complaint, all claims except the claim under brought under 42 U.S.C. § 1981 based on federal statutes are barred both by the 180-day limitation period for filing with the EEOC after the last alleged act of discrimination and by the 90-day limitation period for filing in court after receipt of the EEOC notice of the right-to-sue. There are no allegations of fact sufficient to excuse plaintiff's failure

1

to file within the prescribed periods or to estop defendant from raising the defenses of untimeliness. Perhaps the absence of any true justification for untimeliness explanation sheds light on why the complaint refers to attachments, Exhibits "A" and "B", neither of which is, in fact, attached, leaving the arguments presented by defendant uncontradicted.

Insofar as the complaint may enigmatically seek to sue individuals, it is totally devoid of merit and due to be dismissed as frivolous.

Insofar as the complaint may seek to state a cause of action under the Alabama Workers Compensation Act, however frivolous it may be, such a claim cannot be removed to this court and therefore must be remanded for lack of jurisdiction.

Because a claim of racial discrimination in employment resulting in discharge, constructive or otherwise, can be brought by a white person under 42 U.S.C. § 1981, plaintiff's said claim is the *only* claim which survives defendant's motion to dismiss.

An appropriate, separate will be entered.

DONE this 21st day of July, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2